# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1484

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Minnesota. |
| | * | |
| Alexander Malave, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: November 18, 2003

Filed: December 15, 2003

_____

Before MURPHY, LAY, and FAGG, Circuit Judges.

_____

PER CURIAM.

A two-count indictment charged Alexander Malave with possessing with intent to distribute, on August 30, 2002, about 450 grams of methamphetamine and 587 grams of cocaine. Police found the drugs, along with five guns, ammunition, magazines, and gun silencers or suppressors, when they searched Malave's apartment, which he shared with his child and the child's mother. The methamphetamine was found in Malave's bedroom closet, and the guns were found in an armoire about five feet from the closet. Police also found surgical masks, gloves, and a knife in the armoire, and surveillance equipment in a crawl space in Malave's bedroom. One pinhole camera was mounted to Malave's bedroom window, and another was

mounted to an exterior garage light. Police found the cocaine in the child's bedroom and in a computer room. In the kitchen, police found a stun gun, a police scanner, and written police radio frequencies. Police arrested Malave and found about $1,000 on his person.

Malave pleaded guilty to the cocaine offense, and litigated at sentencing whether he was entitled to a mitigating-role adjustment, and whether a two-point enhancement applied for his possession of firearms in connection with a controlled-substance offense. Having heard testimony from an investigator and Malave's girlfriend and mother, the district court[*] found insufficient evidence that Malave was "substantially less culpable" than the average participant, see U.S.S.G. § 3B1.2, n.3. The district court also rejected Malave's claim that the guns were not used in connection with the distribution of drugs but were used merely for target practice, given the number and types of guns and ammunition found in his bedroom and their proximity to a significant amount of drugs, see U.S.S.G. § 2D1.1(b)(1). The district court sentenced Malave to 108 months in prison, and he appeals, repeating his sentencing arguments.

We review for clear error the district court's factual finding concerning Malave's role in the offense, see United States v. Lopez-Arce, 267 F.3d 775, 784 (8th Cir. 2001), and find none. The nature of the items found at his residence show Malave was "deeply involved" in the criminal acts, see United States v. Thompson, 60 F.3d 514, 518 (8th Cir. 1995), and do not support his contention that he merely operated a storage facility for drugs. Likewise, the district court did not commit clear error in applying a two-level enhancement to Malave's offense level based on his possession of the guns. See United States v. Betz, 82 F.3d 205, 210 (8th Cir. 1996) (standard of review; concerning application of § 2D1.1(b)(1) enhancement,

---

[*]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

government has burden to show by preponderance of evidence dangerous weapon was present and it was not clearly improbable that weapon had nexus with criminal activity). Accordingly, we affirm.

_____